NICHOLAS E. RODRIGUEZ *v.* MALLORY BATTERY
COMPANY

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued June 3—decision released August 17, 1982

*Nicholas E. Rodriguez,* pro se, the appellant (plaintiff).

*Hugh E. Hegyi,* for the appellee (defendant).

PER CURIAM. The sole issue in this case is whether the trial court abused its discretion in rendering a judgment of nonsuit against the plaintiff for failure to comply with the court's order to revise his complaint. On April 27, 1979, the plaintiff, pro se throughout all of these proceedings, was discharged from his employment with the defendant as a quality control inspector, allegedly because of his poor attendance record. On January 7, 1980, the plaintiff commenced an action by obtaining the signature of the clerk of the Superior Court on a six page complaint. This complaint was not in conformance with Practice Book § 108.[1] Basically, the complaint appeared to allege (1) fraud in connection with the termination and also with the defendant's appeal of a judgment awarding the plaintiff unemployment compensation; (2) defamation and/or libel resulting from the defendant's statements, contained in the

---

[1] Practice Book § 108 provides: "Sec. 108 ——FACT PLEADING Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation. If any such pleading does not fully disclose the ground of claim or defense, the court may order a fuller and more particular statement; and, if in the opinion of the court the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues, and such issues shall, if the parties differ, be settled by the court."

unemployment compensation pleadings, that the plaintiff had been discharged for wilful misconduct; (3) "criminal conspiracy" to deprive the plaintiff of his rights under the state and federal constitutions; and (4) unfair and arbitrary dismissal from employment. The plaintiff's complaint also asked for damages, back pay, and reinstatement to his former position.

The defendant responded on February 15, 1980, with a request[2] that the plaintiff revise his complaint in certain respects, including a request that the plaintiff state separately his causes of action.[3] Practice Book § 147 (3). The plaintiff amended the ad damnum clause and stated that the amount in demand was not less than $7500. He also filed an objection to the remainder of the defendant's requests to revise. Practice Book § 149. This objection was overruled by the court, *J. Healey, J.* The complaint was not revised and on July 28, 1980,[4] and September 4, 1980,[5] the defendant moved for

---

[2] The plaintiff filed a "Motion to Request . . . Judgment by . . . Default" on February 7, 1980, pursuant to Practice Book §§ 112 and 114. On February 15, 1980, the defendant filed a "Request to Revise" the complaint in accordance with Practice Book § 147. This was done within the time period permitted by Practice Book § 363.

[3] The defendant also requested the plaintiff to delete the sum of $810 from the ad damnum clause; to state whether the amount in demand was above or below $7500; and to delete that portion of the complaint alleging criminal liability. See Practice Book §§ 131, 147 (2), 182.

[4] The plaintiff's motion to dismiss this first motion for judgment of nonsuit was filed on July 29, 1980, and denied on August 18, 1980.

[5] The plaintiff filed a motion to dismiss this second motion for judgment of nonsuit on September 8, which was denied by the court on October 9, 1980. The plaintiff also filed a motion for summary judgment on September 18, 1980, which was denied on October 6, 1980. Finally, on November 4, 1980, after the court had conditionally granted the defendant's motion for judgment of nonsuit, the plaintiff apparently again objected to the defendant's February 15 request to revise.

judgment of nonsuit for failure to comply with the February 15, 1980 request to revise. See Practice Book § 363. On October 9, 1980, the court ordered the plaintiff to comply with the defendant's request to revise "on or before Nov. 5th, 1980 or nonsuit shall enter upon written motion by defendant of notice of total or partial noncompliance."[6]

On November 12, 1980, the defendant notified the trial court that the plaintiff had failed to revise his complaint as ordered on October 9 and the court, on November 13, rendered a judgment of nonsuit against the plaintiff for failure to comply with that order. From this judgment, the plaintiff has appealed.

On appeal, the plaintiff seems to claim that the trial court's granting of the motion for judgment of nonsuit was unconstitutional under the first amendment and under the equal protection clause of the fourteenth amendment to the federal constitution. However, nothing more than this bare statement, without citation to legal authority,

[6] On October 6, 1980, the plaintiff and counsel for the defendant appeared at short calendar before the court, *Fracasse, J.* The court suggested that they prepare a list of the motions in the file that had not been decided and so inform the court, at which time the court would assign those motions on which the parties wished the court to take action. It suggested that then "we'll go through all those motions so this case will then be ready for trial, or there will be an action taken." The matter was passed, and counsel for the defendant reported to the court, in the presence of the plaintiff, that they could not agree. The court then turned to the plaintiff's motion for summary judgment which had been assigned for that day. Before passing on that motion, the court pointed out that the plaintiff's pleadings were not sufficient to support a judgment, that he had not followed the rules and that he should obtain legal assistance or spend more time trying to understand what he was trying to do. The court indicated that the plaintiff had the "obligation to follow the rules and present [the case] in an orderly manner, in a

appears in his brief. Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. *Cheney* v. *Strasburger,* 168 Conn. 135, 142, 357 A.2d 905 (1975); Maltbie, Conn. App. Proc. § 327; see *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 475, 423 A.2d 141 (1979). This also applies to constitutional claims. *Mazur* v. *Blum,* 184 Conn. 116, 120, 441 A.2d 65 (1981); *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 108–109, 291 A.2d 721 (1971).[7]

We will, however, review the trial court's decision to determine whether it abused its discretion in granting the defendant's motion for judgment of nonsuit.[8] *Jaquith* v. *Revson,* 159 Conn. 427, 430,

---

manner that other people can understand." The court also stated that if the plaintiff did not do what the court indicated, he could find himself out of court which was something the court did not want to do. The motion for summary judgment was denied.

The court thereupon ordered that on October 9, 1980, at 2 p.m. it would "hear whatever motions have not been decided before." It told the plaintiff and counsel for the defendant to be present at that time for that purpose. It told the plaintiff: "If you wish counsel and assistance, have counsel and assistance with you at 2 o'clock Thursday of this week, October 9."

On October 9, 1980, counsel for the defendant appeared at 2 p.m.; the plaintiff did not. At 3:35 p.m., after stating that it had "ordered" the plaintiff and counsel for the defendant to be present, the court took up and decided a number of motions in this case including the defendant's motion for judgment of nonsuit. It granted the latter, ordering compliance on or before November 5, 1980.

[7] The pro se plaintiff obviously has an imperfect understanding of the legal issues presented by this matter. We can say, however, without hesitation, that, as far as it appears upon this record, we can discern no cognizable constitutional issue, let alone a violation of a constitutional right.

[8] We do this, even though this issue, fairly viewed, was not specifically raised or briefed by the plaintiff, because the issue was briefed and argued by the defendant and because of the plaintiff's pro se

270 A.2d 559 (1970). "Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be." General Statutes § 52-119; see Practice Book §§ 128, 268, 351. "Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court. *Galvin* v. *Birch,* 98 Conn. 228, 232, 118 A. 826 [1922]." *Jaquith* v. *Revson,* supra. It has long been held that a trial court may enter a judgment of nonsuit against a party who fails to comply with an order to separate causes of action or for a more specific statement. See *Jaquith* v. *Revson,* supra; *McCarthy* v. *Thames Dyeing & Bleaching Co.,* 130 Conn. 652, 653–54, 36 A.2d 739 (1944); *Craft Refrigerating Machine Co.* v. *Quinnipiaic Brewing Co.,* 63 Conn. 551, 566, 29 A. 76 (1893); Practice Book § 351.

Approximately nine months elapsed between the filing of the defendant's request to revise on February 15 and the subsequent judgment of nonsuit on November 13. This provided the plaintiff with ample opportunity either to revise his complaint

status. "We note in this regard that '[a] party who, unskilled, in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task.' *O'Connor* v. *Solomon,* 103 Conn. 744, 745, 131 A. 736 (1926). Under the circumstances this court will, however, exhibit some degree of leniency towards the defendants, who have appeared pro se, although we cannot, and will not, entirely disregard the established rules of procedure, adherence to which is necessary in order that the parties may know their rights and in order that the real issues in controversy may be presented and determined. *O'Connor* v. *Solomon,* supra, 745–46." *Hartford National Bank & Trust Co.* v. *DiFazio,* 177 Conn. 34, 39n, 411 A.2d 8 (1979); see *Swenson* v. *Dittner,* 183 Conn. 289, 295 n.3, 439 A.2d 334 (1981).

as requested or to seek legal assistance in doing so.[9] At a hearing on the plaintiff's motion for summary judgment on October 6, 1980, the court made suggestions to the plaintiff, which the plaintiff failed to heed, to obtain assistance of legal counsel in light of the unintelligible pleadings and motions which the plaintiff had filed. We have reviewed the complaint and fully agree with the court and the defendant that a substantial revision was appropriate and necessary. Practice Book § 147.[10]

"Although it is our established policy to allow great latitude to a litigant who, either by choice or by necessity, represents himself in legal proceedings; *Hartford National Bank & Trust Co.* v. *Tucker,* [supra]; *Bitonti* v. *Tucker,* 162 Conn. 626, 627, 295 A.2d 545, cert. denied, 409 U.S. 851, 93 S. Ct. 62, 34 L. Ed. 2d 94 (1972) (both involving this same defendant); even such a litigant must conduct himself in accordance with reasonable court orders." *Mechanics Savings Bank* v. *Tucker,* 178 Conn. 640, 643, 425 A.2d 124 (1979); *Hartford National Bank & Trust Co.* v. *DiFazio,* 177 Conn. 34, 39n, 411 A.2d 8 (1979); *Bitonti* v. *Tucker,* supra, 627. In view of the plaintiff's repeated failure to comply with the trial court's order to revise his complaint, we can only conclude that the court did not abuse its discretion in granting the defendant's motion for a judgment of nonsuit.

There is no error.

---

[9] There is some indication in the record before us that the plaintiff, who is a notary public, consulted with at least one attorney prior to bringing this action.

[10] We also note that the plaintiff did not move to open the judgment of nonsuit. See General Statutes § 52-212; Practice Book § 377.