# DAVID MANTELL *v.* JAMES S. GREENE
## (5724)

DUPONT, C. J., BIELUCH and FOTI, Js.

Argued January 13—decision released June 21, 1988

1

*James S. Greene,* pro se, the appellant (defendant).

*John W. Lemega,* with whom, on the brief, were *William J. Forbes* and *William J. McGrath, Jr.,* for the appellee (plaintiff).

BIELUCH, J. The defendant appeals pro se from the default judgment rendered against him awarding damages on the plaintiff's complaint for the collection of fees for professional services, and dismissing the defendant's counterclaim for negligence, breach of contract, libel and medical expenses. The defendant claims that the actions of the trial court denied him access to the judicial process, and thereby deprived him of due process and a meaningful opportunity to be heard. We find no error.

The following facts are relevant to this appeal. This action was filed originally in the small claims court on December 28, 1983. The plaintiff, a psychologist, sought to collect the balance of his fees for court ordered professional services rendered to the defendant and his family in connection with the dissolution of the defendant's marriage. The plaintiff alleged that he had supplied such services to the defendant totalling $1125, of which the defendant had paid $375, and had "neglected or refused to pay the balance of $750." The plaintiff sought the principal balance of $750, plus interest at the legal rate and costs.

On January 27, 1984, the defendant, appearing pro se, moved to transfer the case from the small claims court to the regular trial docket of the Superior Court so that he could file a counterclaim seeking monetary damages from the plaintiff on the grounds of libel, slander, malpractice, breach of contract and other claims. The motion was granted on February 28, 1984. After filing his original answer and counterclaim, the defendant filed numerous motions over the next two and one-half years.

The parties appeared in court for trial on October 30, 1986. At that time, the defendant requested and was granted a continuance to November 18, 1986, to obtain the services of an attorney and an expert witness for his counterclaim. At the call of the case on the new trial date, the defendant appeared, but had failed to retain counsel and an expert witness in the interim. The defendant informed the court that he was not prepared to go forward on his counterclaim or to defend the claim asserted against him. He indicated his willingness to suffer a default on the plaintiff's claim, and his inability to proceed on his counterclaim for lack of evidence.

The court rendered a default judgment against the defendant in accordance with the affidavit of debt filed by the plaintiff in the amount of $1368.75, plus costs. The court also granted the plaintiff's motion to dismiss the defendant's counterclaim. This appeal followed.

The defendant does not dispute the trial court's power to render a default judgment against him, nor the court's ability to dismiss his counterclaim against the plaintiff. Rather, the defendant's claim on appeal that he was denied access to the state's judicial process by the actions of the court centers on his contention that the continuance granted by the trial court did not give him enough time to retain an attorney or to complete discovery for his counterclaim. On October 30, 1986, thirty-four months after the start of this action, the defendant asked for a ninety day continuance to hire an attorney and to complete discovery. He was given a continuance of nineteen days by the court.

A motion for continuance is addressed to the discretion of the trial court; the court's ruling on such a motion will not be disturbed unless a clear abuse of that discretion is shown. *Vossbrinck* v. *Vossbrinck*, 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985);

*Kinney* v. *Kinney,* 5 Conn. App. 484, 485, 500 A.2d 569 (1985), cert. denied, 199 Conn. 804, 506 A.2d 146, cert. denied, 479 U.S. 818, 107 S. Ct. 78, 93 L. Ed. 2d 33 (1986). In addition, in determining the reasonableness of the trial court's ruling, "every reasonable presumption should be given in favor of the correctness of its action." *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Niles* v. *Niles,* 9 Conn. App. 240, 245, 518 A.2d 932 (1986).

The order imposed upon the defendant was reasonable. This case was scheduled for trial nearly three years after the plaintiff filed his complaint in small claims court and after the defendant obtained the transfer of this matter to the regular docket of the Superior Court "in order to file a counterclaim." The defendant, who had filed a series of motions in the trial court prior to the matter being scheduled for trial, did not procure the services of an attorney or of an expert witness during all of the time preceding trial. After the case appeared on the dormant list for dismissal, the defendant claimed the case for trial by a jury. At the first scheduled trial date, the defendant was given additional time to obtain counsel and to prepare for trial. The defendant appeared on the second scheduled trial date, but without counsel or an expert witness. He was unwilling to proceed without them. The plaintiff was in attendance and was ready to proceed to trial. A further delay would have served no purpose other than to continue to retain on the trial docket a "small claim" to recover professional fees of $750 overwhelmed by a counterclaim of the defendant for unlimited monetary damages, originally specified in the amount of $9,500,000. The defendant refused to prosecute his counterclaim after having almost three years to obtain counsel and to prepare his case, and after being granted a continuance on the first scheduled trial date for that purpose.

Great latitude is normally given to a litigant who, like the defendant, represents himself in legal proceedings. *Bitonti* v. *Tucker,* 162 Conn. 626, 627, 295 A.2d 545, cert. denied, 409 U.S. 851, 93 S. Ct. 62, 34 L. Ed. 2d 94 (1972). Such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. *Conservation Commission* v. *Price,* 193 Conn. 414, 421 n.4, 479 A.2d 187 (1984). Even pro se litigants, however, must abide by reasonable court orders as "[s]uch a litigant is bound by the same rules of evidence and procedure as those qualified to practice law." *Cersosimo* v. *Cersosimo,* 188 Conn. 385, 394, 449 A.2d 1026 (1982); *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 151, 448 A.2d 829 (1982).

The continuance granted to the defendant at the first scheduled trial date was reasonable, and he had had more than adequate time to obtain the services of counsel and an expert witness before this matter was first scheduled for trial. The plaintiff was at all times ready and willing to proceed to trial, and was entitled to a hearing under the procedural rules for the resolution of the serious counterclaim against him. The trial court did not abuse its discretion in rendering a default judgment on the plaintiff's claim against the defendant, and in granting the plaintiff's motion to dismiss the defendant's counterclaim under the circumstances of this case.

There is no error.

In this opinion the other judges concurred.