[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Merit Oil of Connecticut, Inc. (hereinafter Merit), applied to the Zoning Board of Appeals of the City of Meriden (hereinafter ZBA) for a special exception to reconstruct the existing gasoline facility at 510 Broad Street, Meriden, as a convenience store/gasoline facility. Although the plaintiffs complain the application was granted, the ZBA in this case #2946 actually ruled that the proposal was not a convenience store use so no special exception was required. Plaintiffs have appealed that result to this court. The appeal is dismissed.
The variances that Merit requested in connection with its redevelopment plans are not the subject of any appeal.
In order to maintain this appeal the plaintiffs must be aggrieved. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307-308, 592 A.2d 953 (1991). Daniel S. Hurst owns land which abuts and he is within a radius of 100 feet of 510 Broad Street and is statutorily aggrieved. Gen. Stat. 8-8 (1).
I. CT Page 6392
In paragraph 5 of their complaint, the plaintiffs (hereinafter Hurst) list various contentions to support the appeal. Because ZBA never reached the merits of the special exception application, Hurst in his brief narrows his focus to whether a special exception was required. Cersosimo v. Cersosimo,188 Conn. 385, 396 n. 17, 449 A.2d 1026 (1982).
Hurst also claims that the ZBA decision "most certainly involves something not apparent on the record; some predetermination or unrelated bias in favor of Merit." Hurst brief, p. 6. Without adequate briefing, the claim has been abandoned. Rodriguez v. Mallory Battery Co., 188 Conn. 145,148-149, 448 A.2d 829 (1982). If this claim were properly presented, the court finds no evidence to support the allegation. With knowledge of the parties, the court took judicial notice of a contemporaneous file involving a gas station across the street. New Haven, CV 90-0307204, George MacLauchlan v. ZBA; See, Guerriero v. Galasso, 144 Conn. 600, 605, 136 A.2d 497 (1957).
Despite the possible ambiguity of the application, the redesign of the Merit self-service facility always projected the sale of a limited (albeit initially undesignated) number of consumer items through the cashier's kiosk. Because there is no challenge to the gas facility itself, the problem relates to the sale of the consumer items. Meriden Zoning Code, Chapter 213 (hereafter Zoning Code) 213-19.
Meriden, on March 5, 1990, amended its Zoning Code to require a special exception for "convenience stores/gas facilities." Zoning Code 213-19B(2) [500.2.2](a)(1)]. Meriden defined "convenience store/gas facility" as "Any building. . .used for the retail sale of. . .common types of motor vehicle fuel provided such use is in conjunction with the convenient dispensing of `consumer goods items', i.e.: pre-packaged grocery and dairy products, reading and directional materials, hot snacks, small novelty items and tobacco products, etc." Zoning Code 213-7B.
Uncertain as to the coverage of the new amendment, Merit elected to file for a special exception. The hearing took place on August 7, 1990. On August 29, 1990 in a letter to the City Planner, Merit questioned the need for a special exception for two reasons: all sales except vending machine soda would take place through a window and the actual items to be sold would be motor oil, windshield washer fluid, dry gas, cigarettes, candy and packaged snacks. That letter eventually reached the ZBA. cf. Holt-Lock, Inc. v. ZPC, 161 Conn. 182, 286 A.2d 299 (1971). Based on the representations of the letter, the ZBA agreed that no Special Exception was required. The ZBA did not permit a Merit convenience store/gas facility; the strictly limited kiosk items were treated as an accessory use, a use customarily accessory to a CT Page 6393 permitted use. Zoning Code 213-19C (1). Beit Havurah v. Zoning Board of Appeal, 177 Conn. 440, 418 A.2d 82 (1979); Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 264 A.2d 552 (1969). Inaccessibility of sale items and the limited inventory would restrict independent volume to the Merit facility, a different situation from the modern convenience store operating with or without fuel availability.
At the hearing on August 7 before the ZBA the only but significant reference to the inventory of the kiosk was as things "you might buy as a motorist on your way to another location." Minutes, Public Hearing Record C, p. 17. There was no factual evidence on the nature of accessory uses of a gasoline facility. At appeal argument, Merit pointed out without contradiction that the gas station across the street operated by MacLauchlan currently sells the same limited items. See New Haven, CV 90- 0307204, MacLauchlin v. ZBA, Transcript Record D, p. 6. The parties were never at factual issue on accessory use.
A special exception involves the ZBA acting in an administrative capacity. The question usually is whether an application conforms to the regulations. Here, ZBA determined that the special exception did not apply. Double I Limited Partnership v. Plan Zone Commission, 218 Conn. 65, 72-73,588 A.2d 624 (1991); Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442, 190 A.2d 594 (1963).
Merit is now committed to the sale of the limited inventory by kiosk, even if its original application to the ZBA covered the regulatory class. The town can enforce its regulations including accessory uses. In effect, that application was dismissed by the ZBA. Whatever deference is given to the ZBA action as a matter of law, the court concurs in the legal determination. Spero v. Zoning Board of Appeals, 217 Conn. 435, 586 A.2d 590 (1991).
An accessory use may be a matter of degree but in this case it doesn't create a convenience store.
 II.
On this application, ZBA acted in an administrative capacity. Plaintiff has the burden of proof. Whittaker v. ZBA, 179 Conn. 650,427 A.2d 1346 (1980). The court does not substitute its judgment. The court reviews the record to see whether the ZBA acted fairly, or with proper motives or upon valid reasons. Spectrum of Connecticut, Inc. v. PZC, 13 Conn. App. 159,535 A.2d 382 (1988).
ZBA did not act illegally or arbitrarily or in abuse of its discretion. Hurst has not met his burden of proof. CT Page 6394
Accordingly, the appeal is dismissed.
SAMUEL S. GOLDSTEIN, JUDGE