[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ORDER OF COMPLIANCE (#133)
MOTION FOR ORDER RE: REQUESTS FOR ADMISSION (#137)
MOTION FOR DEFAULT (#134)
MOTION TO RECONSIDER/REARGUE (#142)
In accordance with the memorandum of decision entered by this court on January 20, 1994, a hearing was held on the above captioned case to ferret out which motions were still outstanding and in need of attention before this appeal could proceed to final argument. In attendance were the plaintiff, Lamberto Lucarelli, and defendants, Attorney Urban for the Attorney General, and Attorney Hanson for the FOIC.
I. Motion for Order of Compliance (#133)
On July 7, 1993, defendant FOIC filed an "Objection to Plaintiff's Interrogatories." (#111) On September 7, 1993, the court sustained defendant FOIC's objections to these interrogatories as they were not in proper form. On October 14, 1993, plaintiff filed a motion for order of compliance asking the court to require the defendant FOIC to answer a second set of interrogatories which were served upon defendants by the plaintiff on September 8, 1993. On December 6, 1993, defendant FOIC filed "Second Objection to Plaintiff's interrogatories." (#139)
 [I]nterrogatories shall be answered . . . by the party to whom directed and such answers shall be served and filed within thirty days after the filing of the notice . . ., unless: (a) Counsel file with the court a written stipulation extending the time within which answers or objections may be served; or (b) Upon motion, the court allows a longer time; or (c) Objections to the interrogatories and the reasons therefore are filed and served within the thirty day period. CT Page 2253
Practice Book 224.
When served with the second set of interrogatories on or about September 8, 1993, defendant FOIC failed to file a response or objection within thirty days as required. Approximately two months after plaintiff produced the second set of interrogatories, defendant FOIC filed a "Second Objection" expressing futile attempts to discover the disposition of their first objection. This court was not made aware of any such inquiry. The court strives to be accessible and if the court is working on a file and is in possession of a file it will make the file available to the parties equally upon reasonable request. The most effective avenue to ascertain the status of the case in which one is a named defendant is to appear at scheduled short calendar matters concerning the case.
Though the court has issued a protective order as to other defendants preventing the plaintiff from conducting discovery in this administrative appeal, (see section IV below), the FOIC has not complied with Practice Book 224 in filing a timely objection. Accordingly, the rule provides that "interrogatories shall be answered." The FOIC is ordered to respond to the interrogatories served on them by plaintiff by March 17, 1994.
II. Motion for Order Re: Requests for Admissions (#137)
The plaintiff asks the court to order the defendant FOIC to respond to his requests for admissions, or, in the alternative, to rule that failure to respond to his requests in a timely manner qualifies as an admission to each of those requests under Practice Book 239.
On August 18, 1993, plaintiff first filed "Notice of Filing Request for Admissions" and served the same on defendant FOIC. (#199) On August 26, 1993, defendant FOIC filed "Objection to Requests for Admissions." (#120) On September 14, 1993, this court sustained the objection to requests for admissions on the basis that they were in improper form. (#120) On September 22, 1993, plaintiff again filed "Notice of Filing Requests for Admissions" and served the same on defendant FOIC. (#128) On December 3, 1993, defendant FOIC filed "Second Objection to Requests for Admissions." (#139)
Plaintiff asserts that because the defendant failed to respond to his second request for admissions the defendant has either CT Page 2254 admitted those requests or must be ordered to respond to those requests. In the "Second Objection" (#139) the defendant FOIC notifies the court that they did not receive notice of the disposition of the first objection to requests for admissions and that repeated attempts to get information from the clerk's office regarding the disposition of defendant FOIC's first objections to the requests for admissions were unsuccessful. Defendant FOIC explains in the "Second Objection" that they were waiting to learn of the disposition of the first objection to the requests before responding to the second set of requests for admissions.
 Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Sec. 238(b) . . . the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection . . .
Practice Book 239.
The pro se plaintiff was able to ascertain the disposition of the first objection to requests for admissions. This court does not accept that the FOIC was not able to do the same. Defendants are bound to respond in one way or another to plaintiff's request for admissions. The court finds that defendant FOIC failed to respond to plaintiff's requests in a timely manner as required by Practice Book 239. Defendant FOIC is hereby ordered to respond to plaintiff's requests for admissions by March 17, 1994.
III. Motion for Default
Plaintiff filed a "Request to Revise" on September 1, 1993, asking defendant FOIC to revise their answer. Practice Book provides that:
 Any such request . . . shall be deemed to have been automatically granted by the court on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same, unless within thirty days of such filing the party to whom it is directed shall file an objection thereto. CT Page 2255
The defendant FOIC did not file an objection with the court until December 6, 1993, and therefore the request to revise was deemed automatically granted. In a decision rendered on January 20, 1994, (#148) this court stated:
 The plaintiff now moves this court for a judgment of default against the defendant FOIC under Practice Book 363 for its failure to comply with the plaintiff's request to revise. See Rodriguez v. Mallory Battery Co., 188 Conn. 145, 448 A.2d 829 (1982). The FOIC has been dilatory in responding to the plaintiff's motions and noticeably absent from any short calendar arguments. The FOIC must comply with procedural requirements in the same manner as all other parties. The court hereby orders the defendant FOIC to comply with the plaintiff's request to revise on or before February 11, 1994. The court will not consider the motion for default until and unless the defendant fails to comply upon reclaim by the plaintiff.
On February 7, 1994, the defendant FOIC filed their revised answer with the court. The court finds that the answers provided by the defendant FOIC are "direct, precise and specific, and not argumentative, hypothetical or in the alternative." Practice Book 162. The plaintiff's motion for judgment on default is hereby denied.
IV. Motion to Reconsider/Reargue (#142)
On September 8, 1993, plaintiff served defendants Paul M. Shapiro, Ralph E. Urban, Office of the Attorney General and State of Connecticut ("defendant Attorneys General") a series of interrogatories. On September 21, 1993, defendant Attorney Generals filed a "Motion for Protective Order." (#130) On December 10, 1993, this court rendered a decision granting the protective order thereby preventing the plaintiff from pursuing discovery from these defendants in this administrative appeal. (#140)[1]
The plaintiff asks the court to reconsider the granting of the protective order. Plaintiff relies on Practice Book 224 in arguing that defendant FOIC was procedurally obligated to answer his interrogatories. As explained in the previous sections, interrogatories must be responded to or objected to within thirty CT Page 2256 days. The defendant Attorneys General objected to the plaintiff's interrogatories in a timely fashion by filing a motion for protective order within thirty days. The plaintiff argues that the protective order should not have been granted as discovery in this administrative appeal is permitted.
 In any civil action, in any probate appeal, or in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required, any party may serve in accordance with Sec. 120 written interrogatories. . . . (Emphasis added).
Practice Book 223.
In administrative appeals, interrogatories are only appropriate where the court finds it reasonably probable that further evidence outside the record is needed. Simply because the plaintiff is interested in the answers to the interrogatories propounded is not relevant. The question is whether the court requires such further evidence in this administrative appeal. The court does not so require. Plaintiff's request for reconsideration is denied.
V. Conclusion
The court urges these parties to proceed with this appeal without delay. Previously, the court ordered briefs to be submitted by March 17, 1994. However, because defendant FOIC has been ordered to respond to discovery by March 17, 1994, the time for filing of briefs by all parties shall be extended to April 7, 1994. Thereafter, the matter shall be referred to Chief Administrative judge for Administrative Appeals, John P. Maloney for assignment to a judge for hearing, trial and decision.
JOHN WALSH, J.
ENDNOTES