[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this tax appeal, the plaintiff attempted to proceed pro se. She called as witnesses Anthony Viagrande, the part-time assessor of the town of Easton, and her husband, Heinz Von Kuthy, formerly a professor of marketing and taxation of the University of Bridgeport whose distinguished scholarship and dedicated teaching has been duly acknowledged by that institution. In effect, the plaintiff's husband attempted to try her case for her. This the court was unable to permit. Johnson v. Ivimey,3 Conn. App. 392, 395 (1995).
"Great latitude is normally given to a litigant who, like the defendant, represents himself in legal proceedings. Bitonti v.Tucker, 162 Conn. 626, 627, 295 A.2d 545, cert. denied, 409 U.S. 851,93 S.Ct. 62, 34 L.Ed.2d 94 (1972). Such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. Conservation Commission v. Price, 193 Conn. 414, 421 n. 4,479 A.2d 187 (1984). Even pro se litigants, however, must abide by reasonable court orders as `[s]uch a litigant is bound by the same rules of evidence and procedure as those qualified to practice law.' Cersosimo v. Cersosimo, 188 Conn. 385, 394, 449 A.2d 1026
(1982); Rodriguez v. Mallory Battery Co., 188 Conn. 145, 151,448 A.2d 829 (1982)." Mantell v. Greene, 15 Conn. App. 1, 5 (1988). Because her husband was unable to represent her and because of her understandable unfamiliarity with the rules of evidence, the plaintiff was unable to establish a prima facie case, notwithstanding the court's relaxation of the rules of procedure.
Pursuant to Practice Book § 302,[1] the defendant's motion to dismiss is granted.
BY THE COURT
Levin, J.