[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant case, returnable August 31, 1983, is an action instituted by Robert Gould, a pro se party, on behalf of himself and another person to recover the redemption value of a bond. The defendants are The United Illuminating Company, the obligor on the bond and Connecticut National Bank its transfer agent. Due to a merger Connecticut National became known as Shawmut Bank and as a result of a second merger is now known as Fleet Bank.
In addition to the usual denials, the defendants have asserted three special defenses, namely: (1) the plaintiff lacks standing to sue as liability, if any, on the bond runs only to the named obligee; (2) the named obligee reported the bond as lost, a new bond was issued to him and subsequently the new bond was redeemed; (3) the plaintiff's claims, as alleged in the complaint are time-barred by the statute of limitations.
 I.
The pro se plaintiff's unfamiliarity with the conduct of trials particularly with the hearsay rule hindered his presentation. Nevertheless, despite timely objections from the defendants, the court admitted much hearsay in an effort to ascertain and understand the relevant facts and to save the case from dismissal . The court's conduct was in accord with a long-standing Connecticut policy of being solicitous of the rights of pro se litigants. Conservation Commission v. Price, 193 Conn. 414,421 n. 4 (1984). A pro se litigant is to have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. Id.; Mantellv. Greene, 15 Conn. App. 1, 5 (1988). Pro se litigants, however, are bound by the same rules of evidence and procedure that must be adhered to by practicing attorneys. Cersosimo v. Cersosimo, CT Page 499188 Conn. 385, 394 (1982).
From the evidence that was admitted, the court finds that the following facts were established.
The plaintiff who lives in New York city and George Pollack a resident of Toronto, Canada are step-brothers. Pollack's father was married to the plaintiff's mother. The plaintiff testified and affidavits of Pollack filed by the plaintiff state that the plaintiff is in charge of Pollack's finances in the United States.
In 1972, the plaintiff purchased a bond of the United Illuminating Company for and in the name of George Pollack from the brokerage firm of Shearson, Hammill Co., Incorporated. The bond was placed in the plaintiff's safe deposit vault where Pollack's papers are kept.
On March 1, 1973, Shearson, Hammill Co., Incorporated filed an affidavit of mail loss with the United Illuminating Company or with Connecticut National Bank as transfer agent. This affidavit has two sections: an affidavit of mailing and an affidavit of nonreceipt. In the affidavit of mailing, a vice-president of Shearson, Hammill Co., Incorporated averred under oath on January 24, 1973 that on November 15, 1972 a $5,000. bond, certificate # RV 540 had been mailed to George Pollack, Box 4574, Grand Central Station, New York, N.Y. 10017 and the addressee had reported nondelivery of the security. In the affidavit of nonreceipt, "George Pollack" stated under oath on February 13, 1973 that the bond had never been received by himself or any person acting in his behalf. The notary public before whom "George Pollack" signed the affidavit of nonreceipt was James H. Callahan, a New York notary qualified in Queens County.
A copy of the foregoing affidavit of mail loss was given to the plaintiff and sent by him to George Pollack in Canada. On October 5, 1992, George Pollack signed a handprinted affidavit on the mail loss form before a Canadian notary in which he said that he had never reported United Illuminating Company Bond RV 540 as lost or nonreceived, that he had assigned ownership in the bond to Robert Gould and that his purported signature on the affidavit of nonreceipt is a forgery.
When the affidavit of mail loss was received on March 1, 1973, bond RV 540 was cancelled. On March 14, 1973, bond RV 601 was issued to replace the cancelled bond. The address for George CT Page 500 Pollack in the records of Connecticut National Bank and presumably where bond RV 601 was sent is Box 4574, Grand Central Station, New York, N.Y. 10017.
Subsequently in 1973 bond RV 601 was surrendered and in its place five bonds of $1,000.00 each were issued in the name of Shearson, Hammill Co. Incorporated with designations of RM 158 to RM 162 inclusive. For the five $1,000.00 bonds to have been issued in the name of Shearson, Hammill Co., Incorporated, the signature of George Pollack transferring bond RV 601 to this brokerage house had to have been guaranteed by a bank or a broker or another guarantor deemed eligible by the Securities and Exchange Commission and acceptable to the transfer agent. Whether George Pollack signed the necessary transfer document or whether his signature thereon was forged was never proven.
The United Illuminating Company's bond RV 540, which had never been lost, was presented to Connecticut National Bank by the plaintiff in 1992 when the RV issue was redeemed. Payment was refused because the bond had been cancelled when reported lost in 1973. Also presented to Connecticut National Bank was a general power of attorney signed by George Pollack on January 8, 1992 whereby the plaintiff was appointed his attorney in fact. The jurat on the power of attorney form, however, recites that it was the plaintiff and not George Pollack who appeared before the Canadian notary. The plaintiff testified that he was in Canada when the power of attorney was executed and that he saw Pollack sign it.
Another statement of the plaintiff was that the United Illuminating Company bond RV 540 had been assigned to him by George Pollack after he presented the bond which Connecticut National Bank kept. In the affidavit of mail loss both the assistant vice-president who signed for Shearson, Hammill Co., Incorporated and whoever signed George Pollack's name agreed to surrender bond RV 540 for cancellation if it were ever found.
The bonds referred to herein, RV 540, RV 601 and RM 158 through 162 were interest bearing obligations. Interest payments on the RV 601, the substituted bond, by Connecticut National Bank stopped when that bond was surrendered in 1973. The RM bonds were also surrendered in 1973 and interest payments on them ceased as of the date of their surrender. Yet, the plaintiff testified that he, on behalf of George Pollack, received interest payments on bond RV 540, the original bond, until October, 1991. The plaintiff could CT Page 501 not identify the source of the interest payments.
 II.
The foregoing bizarre set of facts was developed from the oral testimony of the plaintiff and the two exhibits submitted by him as well as from the oral testimony of Lynette Hamilton, who was with the corporate trust department of Connecticut National Bank and presently works in the same capacity with Fleet Bank, and the three exhibits placed in evidence by the defendants. The plaintiffs two exhibits are a letter dated November 14, 1995 from Attorney Henfey of the firm representing the defendants to the pre-trial judge and a letter dated August 3, 1993 from Smith Barney Shearson to George Pollack at the plaintiff's postal box in New York city. The defendant's three exhibits are the mail loss affidavit, the power of attorney from George Pollack to the plaintiff and the ledger cards pertaining to "United Illuminating Co. 30 yr. Debenture 202 Series Due October 1, 2002" for George Pollack and Shearson, Hammill Co., Incorporated.
Both sides have attached to their respective briefs additional material of an evidentiary nature. This material, in the form of affidavits, letters and written explanations not having been offered at the trial cannot and has not been considered. Pro se litigation should not be an invitation to ignore basic rules of practice and evidence. See Bitonti v. Tucker, 162 Conn. 626, cert. denied 409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 94 (1972).
In the court's view, this case required that George Pollack and the successor firm to Shearson, Hammill Co., Incorporated be joined as parties. Although it appears that a wrong was done to George Pollack unless Shearson, Hammill Co., Incorporated had authorization from him, it is also clear that the defendants were entitled to rely upon representations that were made in conformity with the appropriate statutes and rules. See 15 U.S.C. § 78q(f);17 C.F.R. § 240.17f-1(c)(2); 240.17 Ad-15(2). The plaintiff is reminded that, in the main, cases are not tried on affidavits but rather on live testimony that is subject to cross-examination. This is not to say that in every instance a person must be present in court. Depositions where a witness is examined and cross-examined elsewhere can be arranged. See e.g. Conn. Practice Book § 245, General Statutes § 52-148(c).
With respect to the plaintiff's constantly voiced assertion of why some records are still in existence and others are not, he CT Page 502 should recall Lynette Hamilton's testimony. She said that affidavits of lost certificates had to be kept indefinitely while material pertaining to transferred certificates could be discarded after seven years. An examination of the pertinent rules demonstrates that her testimony was correct. Compare
17 C.F.R. § 240.17 F-1 (lost securities no time limit on preservation) with 17 C.F.R. § 240.17 Ad-6(b) and 240.17 Ad-7(d) (transferred securities minimum time of retention 6 years).
 III.
The plaintiff failed to prove that the claimed loss was due to an act of The United Illuminating Company or Connecticut National Bank. Judgment is rendered for the defendants.
Jerrold H. Barnett, Judge