■ JOSEPH ARMSTRONG, Doing Business as A & A CONSTRUCTION CO., Appellant, v SANDRA K. SMITH, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered June 18, 1975 in Madison County,

which granted defendant's motion to vacate a default judgment entered December 13, 1974 in Madison County in favor of plaintiff and against defendant to the extent of relieving defendant of her default in pleading and granting her permission to interpose her answer and defend the action on the merits with the judgment standing as security pending the determination of the action on the merits. "To vacate a judgment entered because of excusable default, the defaulting party must show pursuant to CPLR 5015 (subd. [a], par. 1), a valid excuse for the default and a meritorious defense." *(Swart v Lehmann,* 39 AD2d 807.) On the record as a whole we find that Special Term did not abuse its discretion in granting defendant's motion to the extent of granting her leave to answer and litigate on the merits. The action was started by the service of a summons and notice of object of action on defendant. The record indicates defendant retained counsel to represent her and instructed him to serve a notice of appearance on her behalf and to serve an answer with a counterclaim upon service of the complaint. "An attorney's neglect or inadvertent error should not deprive his client of his day in court" *(Moran v Rynar,* 39 AD2d 718, 719). Special Term was justified in concluding that defendant had demonstrated a meritorious defense. The record supports the conclusion that there was no default so deliberate or contumacious that justified forfeiture of a substantial defense *(Callahan Hydraulics v Mechanical Man Car Wash Mfg. Co.,* 43 AD2d 896). "The courts' general policy favors disposition of matters on the merits." *(Lang v French & Co.,* 48 AD2d 641; *Moran v Rynar, supra.)* We find no abuse of discretion by Special Term in granting the order, without costs and without other conditions. The defendant should promptly serve her answer if she has not already done so. The order appealed from should be modified by requiring defendant to serve her answer within 10 days after service of notice of entry of the order on this appeal. Order modified, on the law and the facts, so as to require defendant to serve her answer within 10 days after service of the order to be entered hereon with notice of entry and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.