TASHGUR DAUTI, ADMINISTRATOR (ESTATE OF
ZEJADIN DAUTI), ET AL. *v.* STOP AND SHOP
SUPERMARKET COMPANY ET AL.
(AC 25253)

Flynn, DiPentima and Stoughton, Js.

Argued April 4—officially released August 9, 2005

*Eddi Z. Zyko*, for the appellants (plaintiffs).

*James G. Geanuracos*, for the appellee (named defendant).

*April Haskell*, with whom, on the brief, was *Adam J. LaFleche*, for the appellees (defendant Lighting Services, Inc., et al.).

*William P. Burns, Jr.*, with whom, on the brief, were *Steven A. Ouellette* and *Karen J. S. Gallagher*, for the appellee (defendant Peerless Insurance Company).

*Opinion*

FLYNN, J. The plaintiffs, Tashgur Dauti as administrator of the estate of Zejadin Dauti, Lirije Dauti and Alban Dauti, appeal from the judgment of nonsuit rendered against them as to all of the defendants, Stop & Shop Supermarket Company (Stop & Shop), Lighting Services, Inc. (Lighting Services), Nancy G. Clark and Peerless Insurance Company (Peerless). On appeal, the plaintiffs raise many claims.[1] We address the following:

---

[1] The plaintiffs did not file a statement of issues with their brief as required by Practice Book § 67-1, which provides in relevant part: "Each brief shall contain a concise statement of the principal issue or issues involved in the appeal. The statement ordinarily should not exceed one page in length and should be on a page by itself. The court may refuse to receive a brief not complying with this requirement. . . ." See also Practice Book § 67-4 (a). Because the plaintiffs did file a two page preliminary statement of issues and have provided a table of contents to their brief outlining the many issues they seek to raise, we have accepted the plaintiffs' brief. Because we conclude that the court properly granted a nonsuit as to the defendants Stop & Shop, Lighting Services and Clark, we reach only the issue of the nonsuits and those issues that affect the case on remand.

(1) whether the court, *Hon. Howard J. Moraghan,* judge trial referee, acted within its discretion in rendering a judgment of nonsuit on the basis of the plaintiffs' failure to comply with the orders of the court, (2) what is the operative complaint relevant to Peerless. We affirm in part and reverse in part the judgment of the trial court.

Initially, we set forth the complex procedural history of the case. On October 7, 2002, the plaintiffs filed a four count complaint against the defendants. Count one alleged that Stop & Shop was liable for the wrongful death of Zejadin Dauti, count two alleged that Stop & Shop was liable for a loss of consortium, count three alleged that all of the defendants were liable for interference with receipt of workers' compensation benefits in violation of General Statutes § 31-290c, and count four alleged that all of the defendants were liable for fraud. On November 1, 2002, Peerless filed a motion to dismiss the plaintiffs' complaint, claiming that the court lacked subject matter jurisdiction because of the exclusivity of the Workers' Compensation Act (act), General Statutes § 31-275 et seq. On November 12, 2002, the plaintiffs filed an amended complaint as of right. On November 18, 2002, Peerless filed an objection to the plaintiffs' amended complaint on the ground that the issue of subject matter jurisdiction was outstanding. On December 10, 2002, Lighting Services and Clark filed a motion to dismiss the plaintiffs' complaint or their amended complaint also, claiming that the court lacked subject matter jurisdiction because of the exclusivity of the act.[2]

On May 20, 2003, the court, *Dubay, J.,* considered both motions to dismiss and granted them only as to the third count of the original complaint, concluding that it did not have subject matter jurisdiction over that

---

[2] The amended complaint contained many additional evidentiary allegations and added additional counts, but the third count in each of the two complaints alleged the same cause of action, a violation of General Statutes § 31-290c.

claim because the plaintiffs still had a claim pending before the workers' compensation commission. In considering the motions to dismiss, the court explained that it looked only to the October 7, 2002 original complaint because Peerless' motion to dismiss was filed before the plaintiffs filed their amended complaint, and, once raised, a challenge to the court's jurisdiction must be resolved.

On June 26, 2003, the court granted the plaintiffs' motion for default for failure to plead against Peerless. The plaintiffs did not move for a judgment on the default or for a hearing in damages, however, and Peerless, although not moving to set aside the default, continued to participate in the case by filing various motions and appearing for oral arguments.[3]

On June 23, 2003, Stop & Shop filed a request that the plaintiffs revise their October 7, 2002 complaint. On July 2, 2003, Lighting Services and Clark also filed a request to revise directed at the complaint. The plaintiffs filed a motion to strike Lighting Services' and Clark's request to revise, and, on July 28, 2003, the court denied the plaintiffs' motion. On August 22, 2003, the plaintiffs filed a request for leave to file an amended complaint, with a copy of the proposed amended complaint attached thereto. In their request, the plaintiffs asserted, in part, that pursuant to Practice Book § 10-45, they were realleging the allegations contained in count three of their October 7, 2002 complaint because that claim had been stricken by the court. Specifically, the plaintiffs' stated that the proposed amended complaint "retains the allegations of count three of plaintiffs' original complaint renumbered as counts four, eight and twelve, although the court (*Dubay, J.*)

---

[3] Peerless finally filed an answer and special defense on November 23, 2004, after the court had rendered a judgment of nonsuit on behalf of all defendants, including Peerless, and after the plaintiffs had filed this appeal.

'struck' it as aforesaid."[4] Lighting Services and Clark filed an objection to the plaintiffs' request.

On November 24, 2003, after a hearing on the plaintiffs' request to file an amended complaint, Judge Moraghan ruled that the plaintiffs' request would not be considered because the plaintiffs had not complied with Lighting Services' and Clark's request to revise the complaint.[5] The court then set forth the following order: "[The plaintiffs are] ordered to file a revised complaint in accordance . . . with the request to revise filed by [Lighting Services and Clark] by the 24th day of December. And in that amended complaint or revised complaint, whichever you choose to call it, there will be no repetition of the counts, the substance of them without regard to the numbers, that Judge Dubay indicated would not be entertained and were inappropriate. Those are out. The failure to file a revised complaint by that date will subject you to a motion for a judgment of nonsuit . . . ." The court then considered Stop & Shop's outstanding request to revise and ordered the plaintiffs to comply with that request by December 24, 2003, as well. On December 5, 2003, the plaintiffs filed a motion to reargue the court's order and its denial of their request to amend their complaint.

While the motion to reargue was pending, on January 20, 2004, Stop & Shop filed a motion for a judgment of

[4] Despite the plaintiffs' assertion that the court "struck" the third count of their complaint, it is clear from the court's May 20, 2003 written memorandum of decision that it dismissed the third count of the complaint for lack of subject matter jurisdiction.

[5] All parties, by stipulation dated September 23, 2003, agreed that the October 7, 2002 complaint was the operative complaint in view of the court's previous ruling. The defendants argue that this stipulation acts a waiver of the plaintiffs' claim concerning the court's ruling on their amended complaint as of right. We agree with the plaintiffs that they stipulated that the court had ruled that the original complaint was the operative complaint and that, in accordance with that ruling, the original complaint was the complaint to which the defendants should plead. This, however, did not waive their claim that their amended complaint *should have been* the operative complaint.

nonsuit on the basis of the plaintiffs' failure to comply with the November 24, 2003 order of the court. On January 21, 2004, Lighting Services and Clark also filed a motion for a judgment of nonsuit for the plaintiffs' failure to comply, and, on February 9, 2004, Peerless filed a motion for nonsuit on the same basis. On February 9, 2004, Judge Moraghan considered each of the motions for nonsuit filed by the defendants and ordered that nonsuit would be granted, sua sponte, unless the plaintiffs obeyed the court order to comply with the requests to revise by March 2, 2004. At this time, the court also considered the plaintiffs' motion to reargue the court's November 24, 2003 order and its denial of the plaintiffs' request to file an amended complaint. The court granted the motion to reargue, but it denied the requested relief.

On February 24, 2004, the plaintiffs filed a revised complaint. On March 5, 2004, Stop & Shop filed an objection to the revised complaint on the ground that it "wholly fail[ed] to comply with the order of the court." On March 8, 2004, Lighting Services and Clark filed a motion for a judgment of nonsuit on the ground that the plaintiffs' revised complaint failed to comply with the court's order "which specifically ordered [the plaintiffs] to comply with [Lighting Services' and Clark's] request to revise and further ordered that [the plaintiffs] *not* incorporate the dismissed claims related to the alleged violation of General Statutes § 31-290c . . . ." (Emphasis in original.) Lighting Services and Clark also asserted that, instead of revising their complaint in compliance with the order of the court, the plaintiffs amended their complaint in "direct contravention" of the court's order. They also filed a new request to revise.

On March 10, 2004, the plaintiffs filed an objection to Lighting Services' and Clark's request to revise and their motion for a judgment of nonsuit. They also filed an objection to Stop & Shop's March 5, 2004 objection

to the plaintiffs' revised complaint. On March 16, 2004, Stop & Shop filed a motion for a judgment of nonsuit for the plaintiffs' failure to comply with the orders of the court as set forth on November 24, 2003, and February 9, 2004, to which the plaintiffs filed an objection on March 18, 2004.

After a March 18, 2004 hearing, the court granted the defendants' motions for nonsuit.[6] This appeal followed.

## I

The relevant issue on appeal concerns whether the court abused its discretion in granting the motions for nonsuit filed by each of the defendants. We will first address the nonsuit as it relates to Stop & Shop, Lighting Services and Clark. We will then address the nonsuit as it relates to Peerless.

"We . . . review the trial court's decision to determine whether it abused its discretion in granting the defendant[s'] motion[s] for judgment of nonsuit. . . . Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be. . . . Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in

---

[6] The case detail sheet and the court file indicate that the motions for nonsuit that the court acted on were the motions filed by Stop & Shop on January 20, 2004, by Lighting Services and Clark on January 21, 2004, and by Peerless on February 9, 2004. It is clear from reading the transcript of the hearing, however, that the court was acting on the motions for a judgment of nonsuit dated March 8, 2004, filed by Lighting Services and Clark, and March 16, 2004, filed by Stop & Shop. The court also granted Peerless' February 9, 2004 motion, which was filed before the plaintiffs submitted their revised complaint. However, Peerless did join with the other defendants at the hearing and orally requested a judgment of nonsuit. At oral argument before this court, Stop & Shop asserted that the irregularity in the notations in the court file was due to the numerous pleadings contained therein and the clerk's confusion therefrom. The plaintiffs do not dispute that the court was acting on the later motions.

complying with orders of the court." (Citations omitted; internal quotation marks omitted.) *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 149–50, 448 A.2d 829 (1982); see General Statutes § 52-119; Practice Book §§ 10-18, 14-14.

A

The plaintiffs argue that Stop & Shop, Lighting Services and Clark got what they asked for and cannot now complain about the revisions to the plaintiffs' complaint, and that if there is any error in the revision, the error was induced by the request of those defendants. Stop & Shop, Lighting Services and Clark argue that when the plaintiffs' revised their complaint, rather than deleting items in accordance with the court's orders, they simply moved the items around in the complaint. Additionally, they argue that the plaintiffs added new allegations not contained in the previous complaint and that they continued to allege violations of § 31-290c in defiance of the specific orders of the court.

On November 24, 2003, Judge Moraghan clearly ordered the plaintiffs that they were to revise their original complaint in accordance with the defendants' requests to revise. Specifically, the court stated: "[T]he court has a general supervisory power over the cases that come before it, and the power, of course, extends to the files themselves. These three folders are resplendent with pleadings for a case . . . [that] is not that old. At the risk of appearing rather callous, it appears as though this is a case that is going to be tried by the pound rather than by the merits." The court then issued an order that the plaintiffs were to "file a revised complaint in accordance . . . with the request to revise filed by [Lighting Services and Clark] by the 24th day of December. And in that . . . revised complaint . . . there will be no repetition of the counts, the substance of them without regard to the numbers, that Judge

Dubay indicated would not be entertained and were inappropriate. Those are out. The failure to file a revised complaint by that date will subject you to a motion for a judgment of nonsuit . . . ." The attorney for Stop & Shop then asked the court if Stop & Shop's request to revise was part of the order, to which the court replied: "That, too, may be granted. The same terms and conditions are set forth [as with Lighting Services' and Clark's] . . . request . . . and the same failure to comply by that date—file [your] motion for judgment of nonsuit [and] it will be granted immediately." The court further instructed that the requests to revise had to be complied with in their entirety.

On December 5, 2003, the plaintiffs filed a motion to reargue and a motion for an extension of time to comply with the November 24, 2003 orders. While those motions were pending, Stop & Shop, Lighting Services and Clark filed motions for nonsuit. At a February 9, 2004 hearing, the court granted the plaintiffs' motion to reargue, but denied the relief requested. The court did, however, give the plaintiffs until March 2, 2004, to comply with its previous orders or, the court stated, a nonsuit would be entered, sua sponte.[7]

On February 24, 2004, the plaintiffs filed their revised complaint, which went from a fifteen page, four count original complaint to a thirty-four page, five count "revised" complaint. Stop & Shop, Lighting Services and Clark filed new motions for a judgment of nonsuit, and, on March 18, 2004, after a hearing, the court granted those motions, finding that the plaintiffs had not revised their complaint properly and that the plaintiffs' counsel was trying to circumvent the previous orders of the court. After reviewing the original complaint, the

---

[7] We note that the plaintiffs' December 5, 2003 motion for an extension of time had already been denied on December 23, 2003, by the court, *Gallagher*, *J*. Neither party has raised this as an issue.

orders of the court and the revised complaint, we fully agree that the plaintiffs failed to comply with the court's order to revise their complaint in accordance with the requests to revise filed by Stop & Shop, Lighting Services and Clark and the court's specific instruction that claims for a violation of § 31-290c be removed from the complaint. In view of the plaintiffs' failure to comply with the court's order, we can only conclude that the court did not abuse its discretion in granting the motions for a judgment of nonsuit filed by those defendants.

B

We now address the motion for a judgment of nonsuit against the plaintiffs filed by the defendant Peerless. The plaintiffs claim that because Peerless had been defaulted for failure to plead, the court could not render a judgment of nonsuit that would benefit the defaulted defendant. Peerless makes several arguments in support of the court's authority to render a judgment of nonsuit in this case. Peerless first argues that the default was void because the plaintiffs' failed to revise their complaint properly. Peerless explains that it did not file an answer to the original complaint because its November 1, 2002 motion to dismiss was pending. After the court on May 20, 2003, granted Peerless' motion to dismiss as to count three, there remained only one count, count four, still pending against Peerless. After the plaintiffs filed a motion for default against Peerless on June 16, 2003,[8] Stop & Shop filed a request to revise on June 23, 2003. Peerless argues that, because there were various requests to revise, followed by orders of the court to revise, Peerless could not file an answer

---

[8] The plaintiffs had filed motions for default against each of the defendants on June 16, 2003. Stop & Shop, Clark and Lighting Services objected to the motions on the ground that they had filed motions to extend the time to plead, which were granted by the court. A default was entered as to Peerless only.

to the operative complaint, because there was no operative complaint until the revision was completed properly, and, in this case, the plaintiffs never complied with the court's order. We simply cannot agree with this rationale.

Peerless had an obligation to file a pleading or to seek an extension of time from the court. Its assertion that there was no operative complaint for which an answer could be filed is unavailing. Initially, the plaintiffs' original complaint was operative. Once the court dismissed count three of the complaint, the original complaint, minus count three, became the operative complaint as to Peerless.[9] Whether other defendants had requests to revise outstanding was immaterial to how the complaint stood as against Peerless. Even after the court had granted the requests to revise filed by Stop & Shop, Lighting Services and Clark, the complaint as it stood against Peerless was not affected because Peerless had been defaulted and could not raise a defense or objection to the complaint; simply put, the allegations were uncontested by Peerless.

Peerless also argues that because the plaintiffs filed a "motion to strike" Stop & Shop's June 23, 2003 request to revise instead of filing an objection, the request to revise was self-executing as of June 23, 2003, and a default against Peerless should not have entered three days later. We surmise that Peerless is attempting to argue that when the request to revise allegedly self-executed on June 23, 2003, Peerless was not required to respond to that revised complaint, pursuant to Practice Book § 10-8, for fifteen days. The clerk, therefore, could not default it on June 26, 2003, and the default is void. Despite Peerless' argument, it did not object to the

---

[9] The propriety of this ruling will be discussed in this opinion. Nevertheless, regardless of whether the court properly considered the motion to dismiss rather than accept the amended complaint, Peerless was not relieved of its obligation to file a pleading once the court ruled.

default or move to set it aside or open it. Additionally, the request to revise was not filed by Peerless; it was filed by Stop & Shop and, regardless of whether the request sought the deletion of materials that were incorporated into the count against Peerless, even if granted by the court, the plaintiffs could have chosen to revise the complaint only as to the moving defendants and could have chosen to keep it intact as to Peerless. Peerless had not requested that the plaintiffs revise their complaint and could not piggyback on another defendant's request without doing so expressly. Our rules of practice do not allow one party to sit back and watch the remaining parties sort through the pleadings, discovery, etc., and then claim that the motions filed by other defendants, and the rulings related thereto, directly benefit the inactive party and somehow relieve it of the obligation to participate in the process and file its own pleadings. Accordingly, this argument lacks merit.

Peerless' final argument is that, although it was defaulted for failure to plead, the plaintiffs never filed a motion for judgment on that default, nor did they move for a hearing in damages. Therefore, pursuant to our rules of practice, the only effect of the default was "to preclude the defendant from making any further defense in the case so far as liability is concerned . . . ." Practice Book § 17-33 (b). The rendering of a judgment of nonsuit was a punitive measure taken by the trial court because of the plaintiffs' noncompliance with the orders of the court and was not a defense raised by Peerless, which would have been prohibited under Practice Book § 17-33.

When a defendant seeks relief from a default for failure to plead, and judgment has not yet been rendered or a hearing in damages claimed, the defendant has two options: it can file an answer[10] or it can file a motion

---

[10] Practice Book § 17-32 provides: "(a) Where a defendant is in default for failure to plead pursuant to Section 10-8, the plaintiff may file a written

to set aside the default, which may also include a request for an extension of time to file its pleadings.[11] See Practice Book §§ 17-32, 17-42; *Whalen* v. *Ives*, 37 Conn. App. 7, 11–14, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). In this case, Peerless elected to do neither; rather, it sought to participate in the proceedings as though it had not been defaulted. The fact remains, however, that a default for failure to plead had been entered against Peerless, and that default had not been opened or set aside when Peerless filed its motion for a judgment of nonsuit. Because it was in default, Peerless was barred from filing any motions except an answer pursuant to Practice Book § 17-32 or a motion to open the default pursuant to Practice Book § 17-42.[12] We conclude that the court abused its discretion in granting Peerless' motion for nonsuit.

---

motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.

"(b) If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection."

[11] Practice Book § 17-42 provides: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. As part of its order the judicial authority may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent. Certain defaults may be set aside by the clerk pursuant to Sections 17-20 and 17-32."

[12] Although no appellate decisions of this state have addressed this issue directly, many Superior Court decisions are on point. See, e.g., *Slamon* v. *Ierardi*, Superior Court, judicial district of Litchfield, Docket No. 91995 (November 22, 2004) (*Brunetti, J.*) (defendant prohibited from filing any motions where default had not been opened or set aside); *Martin* v. *Martins*, Superior Court, judicial district of Waterbury, Docket No. 124326 (July 26, 1996) (*Pellegrino, J.*) (motion to strike not properly before court where defendant did not move to set aside default); *Neiman Marcus Group, Inc.* v. *Meehan*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387601 (September 19, 1991) (*Schaller, J.*) (5 Conn. L. Rptr. 16, 17) (defendant prohibited from filing motion to strike where default not opened or set aside).

## II

Because the court improperly granted Peerless' motion for nonsuit and the case must be remanded for further proceedings, we must next determine what is the operative complaint. The plaintiffs claim that their amended complaint, filed on November 12, 2002, was filed "as of right" and that the court improperly refused to consider it because of the pending motion to dismiss.[13] We agree.

General Statutes § 52-128 provides: "The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same." See also Practice Book § 10-59.

In *Sheehan* v. *Zoning Commission*, 173 Conn. 408, 378 A.2d 519 (1977), our Supreme Court reversed the judgment of the trial court dismissing the plaintiff's complaint on jurisdictional grounds where the plaintiff had filed an amended complaint within the prescribed statutory thirty days. The defendant had argued that once its motion to erase (now a motion to dismiss) had been filed with the trial court, the court correctly disposed of the question of jurisdiction before any motion or pleading of the plaintiffs could be entertained. Id., 412–13. In reversing the judgment of the trial court, our Supreme Court explained, however, that

---

[13] The plaintiffs argue that we should start our analysis with this claim because it demonstrates that the court started out making an improper decision that affected many of its other rulings. We conclude that this argument misses a very important point. Regardless of whether the court's initial ruling was improper, the plaintiffs cannot circumvent the orders of the court simply because they believed the orders to be improper.

"there was no 'motion or pleading' to 'be entertained' by the court . . . because the amendment was as of right under § 52-128 and Practice Book § 131 [now § 10-59] and took effect ab initio." *Sheehan* v. *Zoning Commission,* supra, 413.

To support its position that the original complaint is the operative complaint, Peerless relies on *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.,* 239 Conn. 93, 680 A.2d 1321 (1996), and its statement that "[w]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause." (Internal quotation marks omitted.) Id., 99. In *Federal Deposit Ins. Corp.,* however, the defendant moved to dismiss the complaint for lack of subject matter jurisdiction and the plaintiff then *moved to amend* the complaint. Id., 96–97. Our Supreme Court held that before the trial court could grant the plaintiff's motion to amend, it had to consider the issue of subject matter jurisdiction. Id., 99. In the case at hand, however, the plaintiffs did not move to amend their complaint; rather, they submitted an amended complaint *as of right.* See *Sheehan* v. *Zoning Commission,* supra, 173 Conn. 412–13.

The plaintiffs filed their complaint on October 7, 2002, with a return date of October 22, 2002. On November 1, 2002, Peerless filed a motion to dismiss the entire complaint on the ground that the court lacked subject matter jurisdiction. On November 12, 2002, the plaintiffs filed an amended complaint captioned "Amended complaint as of right pursuant to Connecticut Practice Book Section 10-59." This amended complaint was filed well within the statutory thirty days of the return date. In accordance with General Statutes § 52-128 and Practice Book § 10-59, the amendment was "as of right" and took effect ab initio. See *Sheehan* v. *Zoning Commission,*

supra, 173 Conn. 412–13.[14] Therefore, the operative complaint is the November 12, 2002 amended complaint.

Because we conclude that Peerless remains a defendant in this case and that the operative complaint is different from that which the parties addressed throughout, we do not address the remaining claims, but remand the case for further proceedings in accordance with the law.

The judgment is reversed only as to the nonsuit as against the defendant Peerless Insurance Company and the case is remanded for further proceedings in accordance with law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[14] Peerless' motion to dismiss should have been considered in relation to the amended complaint or the motion should have been revised.