******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JARED HERRICK *v.* THE MONKEY FARM
CAFE, LLC, ET AL.
(AC 37218)

Lavine, Alvord and Bishop, Js.

*Argued October 27, 2015—officially released February 9, 2016*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*Hugh D. Hughes*, with whom, on the brief, was *Erica W. Todd-Trotta*, for the appellant (plaintiff).

*Sylvia K. Rutkowska*, for the appellees (defendants).

*Opinion*

BISHOP, J. The plaintiff, Jarred Herrick, appeals from the trial court's judgment of nonsuit on his complaint in favor of the defendants, The Monkey Farm Cafe, LLC, Laura Corning, and Kevin Fisher, for the failure of the plaintiff's counsel to pay a $500 sanction imposed by the court on the plaintiff. We reverse the trial court's judgment.

On February 8, 2013, the plaintiff commenced this action against the defendants with an eight count complaint setting forth several causes of action including, inter alia, violations of the Dram Shop Act, General Statutes § 30-102, negligent supervision, and reckless service of alcohol. Factually, his core allegation was that at approximately 2:00 a.m. on February 10, 2012, two assailants injured him during an altercation outside The Monkey Farm Cafe, a bar owned by the named defendant. On July 31, 2013, the defendants filed a request to revise the initial complaint and, on November 4, 2013, the court, overruling the plaintiff's objection, ordered the plaintiff to revise his complaint.

During the ensuing year, the plaintiff filed seven revised complaints and/or motions to amend the revised complaints.[1] Following the plaintiff's first four attempts to revise, the defendants filed a motion for nonsuit on March 27, 2014 on the basis of their claim that the plaintiff had failed to comply with the court's November 4, 2013, order to revise his complaint.

On May 19, 2014, the court, *Aurigemma, J.*, heard oral argument on the defendants' motion for nonsuit. At that hearing, the defendants' counsel asked the court to impose sanctions on the plaintiff on the basis of the number of hours that she had spent making and pursuing the multiple requests to revise the complaints. In conjunction with this motion for nonsuit, the defendants' counsel submitted an affidavit attesting that she had spent nine hours of work on the various requests to revise, totaling, at the rate of $300 per hour, $2700 in attorney's fees. In response, the court awarded the defendants $500 in attorney's fees as a sanction. Although the court's order[2] did not specify when the sum was to be paid, the plaintiff's counsel indicated that it would be paid by the end of the week.

On July 11, 2014, the defendants filed another motion for nonsuit. In this motion, the defendants claimed that their counsel had not received the $500, despite having made multiple inquiries of the plaintiff's counsel regarding payment. On August 4, 2014, the plaintiff filed an objection to the motion for nonsuit. In the objection, the plaintiff alleged that his counsel had attempted to pay the sanction, but that the defendants' counsel must not have received the check in the mail. The objection also stated that the plaintiff's counsel had paid the sanction that day, rectifying the initial mailing error, by

ordering a money order for the $500 and mailing it overnight, via Federal Express, to the defendants' counsel. The plaintiff attached the receipt for a $500 money order paid to the firm of the defendants' counsel to his written objection.

Notwithstanding these representations regarding the efforts of the plaintiff's counsel to pay the required sum and her ultimate payment of it, the court overruled the plaintiff's objection and granted the defendants' motion for nonsuit. The court reasoned that the $500 sanction had been lenient and found, as well, that the plaintiff's counsel had not paid, or attempted to pay, this sum for more than two months following the date of its order. Although counsel had already paid the sanction prior to the judgment of nonsuit, the court noted that "[i]f the plaintiff can produce something which proves that the $500 ordered by the court was paid (or attempted to be paid) promptly, the court will reconsider [its] ruling."

Thereafter, on August 15, 2014, the plaintiff filed a motion for reconsideration to which he attached the affidavit of his counsel describing his counsel's attempt promptly to pay the sanction amount and his counsel's ultimately successful payment of the required sum. In the affidavit, the plaintiff's counsel stated that on May 23, 2014, four days after the sanction was imposed, she had e-mailed the defendants' counsel, requesting the information needed to write the $500 check, and that the defendants' counsel had responded with the necessary information on May 27, 2014. The plaintiff's counsel stated in the affidavit, as well, that the next day, she had ordered a check from her bank, First Niagara Bank, and mailed it to the law firm of the defendants' counsel. In addition to the affidavit, the plaintiff documented his counsel's attempt to pay and ultimate payment of the sanction by attaching a copy of the e-mails between counsel and copies of records from his counsel's bank reflecting that the check was written, but never deposited. Finally, the plaintiff's counsel attached a copy of the money order that ultimately successfully paid the required sum. Notwithstanding this information, the court denied the motion for reconsideration. This appeal followed.

On appeal, the plaintiff claims that the trial court abused its discretion by rendering a judgment of nonsuit against him for the failure of his counsel to pay the underlying sanction. Specifically, the plaintiff argues that his counsel made a good faith effort to comply with the court's order and that the judgment of nonsuit was a disproportionate response to his counsel's failure, promptly, to effectuate the payment of $500 to the defendants' counsel. The defendants counter that the trial court acted within its discretion because the judgment of nonsuit, in this instance, was in proportion to the failure of the plaintiff's counsel to timely comply with the court's sanction order. Notwithstanding our

sensitivity to the court's evident frustration with the halting attempts by the plaintiff's counsel to comply with its modest sanction order, we conclude, under these circumstances, that the judgment of nonsuit disproportionately punished the plaintiff for his counsel's untimeliness in complying with its sanction order.

"We . . . review the trial court's decision to determine whether it abused its discretion in granting the . . . motion for judgment of nonsuit. . . . Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be. Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 149–50, 448 A.2d 829 (1982); see General Statutes § 52-119.[3]

"As with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. In reviewing a claim that the court has abused this discretion, great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . .

"[D]iscretion [however] imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In addition, the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules are a means to justice, and not an end in themselves. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority . . . the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Citations omitted; internal quotation marks omitted.) *Millbrook Owners*

*Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 15–17, 776 A.2d 1115 (2001); see also *Usowski* v. *Jacobson*, 267 Conn. 73, 91–92, 836 A.2d 1167 (2003). Also, in assessing the correctness of the court's action in the present case, we note, as a threshold matter, that the court did not find the failures of the plaintiff's counsel to be wilful or contemptuous. Nor did the court find that counsel's failures showed a deliberate and repeated disregard for the court's authority. Such findings often will support such a harsh response from the court as a judgment by nonsuit. See *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 16–17; *Dauti* v. *Stop & Shop Supermarket Co.*, 90 Conn. App. 626, 634–35, 879 A.2d 507, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). Additionally, we are not insensitive to the apparent harshness of any decision by a court that may be perceived as punishing the client for the transgressions of his or her attorney. See *Thode* v. *Thode*, 190 Conn. 694, 698, 462 A.2d 4 (1983). That is, the nonsuit in the present case was not for the failure of a party to plead properly but, rather, for his counsel's failure to timely pay a sanction levied against the plaintiff. "Although our adversarial system requires that the client be responsible for acts of the attorney-agent whom the client has freely chosen . . . the court is not without the power to take action directly against the errant attorney." (Citation omitted.) Id. In such a circumstance, we believe that it is particularly appropriate to assess whether counsel's failure timely to comply with an order, directed solely to counsel, should result in the loss of a party's ability to pursue his or her claim in court where other less drastic measures directed toward counsel could cause counsel's adherence to the court's order without prejudice to an innocent litigant.

From the record, we believe that the ultimate sanction of a judgment of nonsuit was not necessary as a last resort, as the judgment of nonsuit was not the only reasonable response left to the court faced with counsel's ineffectual efforts and ultimately tardy payment of the sanction order. At the outset, we note that the record is clear that the dilatory behavior found offensive by the court involved only counsel and not the plaintiff. In addition, as noted, the court made no finding that counsel's failures were wilful. Under these circumstances, we conclude that any response by the court to the failure of the plaintiff's counsel to timely comply with its sanction order would have more appropriately been directed to counsel. In that regard, the court had a range of available alternative responses that would not have resulted in a forfeiture of the plaintiff's claims.[4]

As it occurred, however, the failure of the plaintiff's counsel to pay the sanction timely, an indiscretion uniquely counsel's and unrelated to the merits of the case, resulted in the plaintiff's disenfranchisement from

court, a punishment that was disproportionate to counsel's failure of timely compliance. See *Armstrong* v. *Smith*, 53 App. Div. 2d 752, 753, 384 N.Y.S. 2d 266 (1976) ("attorney's neglect or inadvertent error should not deprive his client of his day in court").

The judgment is reversed and the case is remanded for further proceedings.

In this opinion LAVINE, J., concurred.

[1] The plaintiff filed the first revised complaint on October 2, 2013. On December 10, 2013, the defendants moved for a judgment of nonsuit due to that first revised complaint's failure to address the requests ordered by the court. In response, the plaintiff filed a second revised complaint on December 12, 2013. On March 3, 2014, after the second revised complaint was filed, the court considered the motion for nonsuit and ordered the plaintiff to file a new revised complaint that complied with the defendants' requests to revise by March 17, 2014, and if the plaintiff did not, the defendants could refile the motion for nonsuit. Accordingly, the plaintiff filed a third revised complaint on March 17, 2014. That complaint did not comply with the court's order and, perhaps anticipating this, the plaintiff accompanied the third revised complaint with a motion to amend the third revised complaint. On March 31, 2014, the plaintiff filed his second amended third revised complaint, attached to this motion to amend. Finally, on April 1, 2014, the plaintiff filed his final complaint, the seventh installment and the operative complaint.

[2] The order stated: "ORDER: After argument court awards the defendant $500 in attorney's fees as sanctions."

[3] General Statutes § 52-119 provides: "Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be."

[4] For example, the court could have ordered the plaintiff's counsel to compensate the defendants' counsel for any prejudice stemming from the late payment by ordering the plaintiff's counsel to pay a larger sum than originally ordered with, if deemed appropriate under the circumstances, a contingent order affecting counsel's continuing right to practice law. See *In the Matter of Presnick*, 19 Conn. App. 340, 350, 563 A.2d 299, cert. denied, 213 Conn. 801, 567 A.2d 833 (1989) (upholding suspension of attorney for *failure* to pay $500 sanction by date of court's order). In either case, the sanction would address counsel's failings without depriving the plaintiff of his day in court.