******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JOHNNY S. KHAN *v.* COMMISSIONER OF CORRECTION
### (AC 46832)

Alvord, Suarez and Clark, Js.

*Syllabus*

The petitioner appealed, following the denial of his petition for certification to appeal, from the habeas court's judgment rejecting an amended petition and dismissing, on its own motion, his petition for a writ of habeas corpus. The petitioner claimed, inter alia, that the court improperly dismissed his habeas action on the basis that his original petition failed to state a claim on which habeas relief could be granted. *Held*:

The habeas court abused its discretion in denying the petition for certification to appeal, as the court's improper dismissal of the petitioner's habeas action on its own motion necessarily meant that the underlying claim raised in the petition for certification was debatable among jurists of reason, a court could resolve the issue in a different manner, or the question was adequate to deserve encouragement to proceed further.

The habeas court improperly rejected the petitioner's amended petition for a writ of habeas corpus and, therefore, improperly dismissed the habeas action on the basis of the original petition, as the amended petition was filed as of right before the return date, and, pursuant to the plain and unambiguous language of the rule of practice (§ 23-32) governing amendments in habeas actions, the court did not have the discretion to reject it, and, thus, the amended petition became the operative petition, and, after its filing, the original petition could no longer serve as a basis for the court to render a judgment of dismissal.

Argued April 14—officially released September 9, 2025

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rejected an amended petition filed by the petitioner and rendered a judgment of dismissal; thereafter, the court, *Newson, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Reversed*; *further proceedings*.

*Nicole Britt*, assigned counsel, with whom, on the brief, was *Christopher Y. Duby*, assigned counsel, for the appellant (petitioner).

*Christopher A. Alexy*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Johnny S. Khan, appeals, following the denial of his petition for certification to appeal, from the judgment of the habeas court dismissing, on its own motion, his petition for a writ of habeas corpus pursuant to Practice Book § 23-29.[1] On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal, and (2) improperly dismissed his habeas action.[2] We conclude that the court abused its discretion in denying the petition for certification to appeal and improperly dismissed the habeas action. Accordingly, we reverse the judgment of the habeas court.

The following undisputed facts and procedural history are relevant to the resolution of this appeal. On

---

[1] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

[2] In his brief to this court, the petitioner also claims that the court "erred in finding that the petitioner abandoned his claims." Because we agree with the petitioner that the habeas court improperly dismissed his petition on its own motion, and, accordingly, reverse the judgment of the habeas court, we need not consider this claim as the issue raised therein is not likely to arise during the proceedings on remand. See, e.g., *Zheng* v. *Xia*, 204 Conn. App. 302, 308 n.10, 253 A.3d 69 (2021).

April 23, 2021, the petitioner pleaded guilty to one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (1), and one count of burglary in the second degree in violation of General Statutes § 53a-102. The trial court, *Iannotti, J.*, sentenced the petitioner to a total effective term of ten years of incarceration, execution suspended after four years, followed by five years of probation.

On or about February 25, 2022, the petitioner filed a petition for a writ of habeas corpus (original petition) on a state supplied form as a self-represented party. In the original petition, the petitioner claimed that he was denied pretrial detention jail credits from June 1 until November 3, 2020. On April 20, 2022, appointed counsel appeared on behalf of the petitioner. On December 14, 2022, the parties agreed to a scheduling order. The scheduling order, which the court accepted and made an order of the court, provided that any amended petitions would be due by March 13, 2024, and a return due by April 15, 2024.

On April 3, 2023, the court issued a notice for a judicial pretrial to discuss the petitioner's sentence calculation claim. The court further ordered that a representative from the records office of the Department of Correction be present to discuss the petitioner's sentence calculation claim. The judicial pretrial was held on May 12, 2023, during which the petitioner's counsel indicated that the petitioner was claiming that he was entitled to pretrial detention credits from December 6, 2019, when he was arraigned, through June 1, 2020, and not from June 1 through November 3, 2020, as he had claimed in the original petition. A representative from the Department of Correction represented that, pursuant to the records of the Department of Correction, the petitioner was arrested and arraigned in 2019 but was never held on bond or otherwise incarcerated at that time.

On May 12, 2023, following the judicial pretrial, the court issued the following notice pursuant to Practice Book § 23-29: "Upon review of the complaint in the above titled matter and upon further discussion at an on-the-record status conference held [May 12, 2023], the court hereby gives notice pursuant to Practice Book § 23-29 that the court will consider whether the petition, or certain counts thereof, should be dismissed for the following reasons: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; [(3)] any other legally sufficient ground for dismissal of the petition exists. . . . Pursuant to the case of *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 282 A.3d 959 (2022), the parties shall have until June 16, 2023, to submit any legal memorandum they wish the court to consider in its decision."

On June 16, 2023, before the respondent, the Commissioner of Correction, had filed a return to the original petition, the petitioner filed an amended petition for a writ of habeas corpus (amended petition). The amended petition alleged three counts of ineffective assistance of his criminal trial counsel, Attorney James McCarthy, Attorney Martin Minnella, and the law firm of Minnella Tramuta & Edwards, LLC. In his amended petition, the petitioner alleged that Attorney Minnella and Minnella Tramuta & Edwards, LLC, were ineffective in failing "to obtain a bond increase, thus denying the petitioner 156 days of jail credit from June 1, 2020, to November 3, 2020."

On June 22, 2023, the court issued an order rejecting the amended petition. In its order, the court stated that "[t]he filing of the present document is prohibited and is REJECTED. A motion to dismiss pursuant to Practice Book § 23-29 is currently pending. As such, the only filings that are allowed are such that directly address the issues raised in said motion as to whether the petition

should have been opened by the court in the first place. See *Marshall* v. *Commissioner of Correction*, 206 Conn. App. 461, 470, 261 A.3d 49, cert. denied, 338 Conn. 916, 259 A.3d 1180 (2021).''

On the same day, the court further issued a separate order in which it granted its own motion to dismiss the action: ''(1) The petitioner has failed to respond or to formally object to issues raised [in] the court's notice and, therefore, the claims are deemed to have been abandoned. . . . (2) The petition fails to state a claim upon which relief can be granted. There is no statutory or other right to pretrial detention credits against a sentence where a petitioner was not held on bond during the period of time in question and any order granting or ordering such credit would contravene statute, as the sole authority for calculating and awarding pretrial detention credit lies with the Department of Correction, not the court.''[3] (Citation omitted.) Thereafter, the petitioner filed a timely petition for certification to appeal, which the court denied. This appeal followed.

I

We first address the petitioner's claim that the habeas court abused its discretion in denying his petition for certification to appeal. We agree.

General Statutes § 52-470 (g) provides: ''No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated

---

[3] The court did not dismiss the original petition pursuant to Practice Book § 23-29 (1) for lack of jurisdiction. Moreover, at oral argument before this court, the respondent's counsel conceded that the habeas court had jurisdiction on the face of the original petition.

by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

" 'Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [a] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits.' . . . *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009); see also *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994) (adopting factors identified by United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as appropriate standard for determining whether habeas court abused its discretion in denying certification to appeal).

" 'In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas

court's denial of the petition for certification.' . . . *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 573, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019)." *Antonio A.* v. *Commissioner of Correction*, 205 Conn. App. 46, 78–79, 256 A.3d 684, cert. denied, 339 Conn. 909, 261 A.3d 744 (2021).

As we explain in part II of this opinion, we agree with the petitioner that the court improperly dismissed his habeas action on its own motion on the basis that the original petition failed to state a claim on which relief can be granted. Our conclusion that the court erred in dismissing the action necessarily means that the underlying claim raised in the petition for certification to appeal is debatable among jurists of reason, a court could resolve the issue in a different manner, and the question is adequate to deserve encouragement to proceed further. Accordingly, we conclude that the habeas court abused its discretion in denying the petition for certification to appeal.

II

Next, we consider the petitioner's claim that the habeas court improperly dismissed his habeas action on its own motion on the basis that the original petition failed to state a claim on which habeas relief can be granted. Specifically, the petitioner argues that the court "erred by rejecting the petitioner's June 16, 2023 amended petition and dismissing the case based solely upon the [original] petition." We agree with the petitioner.[4]

Before turning to the petitioner's claims, we first set forth the relevant standard of review and legal principles that guide our analysis. "The principal purpose of

---

[4] The petitioner argued in the alternative that the court improperly "relied on facts beyond the pleadings to decide the merits of the petitioner's claim . . . ." Because our conclusion that the court improperly rejected the amended petition is dispositive, we need not address this argument.

the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness. . . . In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty." (Internal quotation marks omitted.) *Byrd* v. *Commissioner of Correction*, 177 Conn. App. 71, 82, 171 A.3d 1103 (2017).

"It is well settled that a petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action . . . ." (Internal quotation marks omitted.) *Finney* v. *Commissioner of Correction*, 207 Conn. App. 133, 142, 261 A.3d 778, cert. denied, 339 Conn. 915, 262 A.3d 134 (2021). Although "[i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . [t]he principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings . . . to decide claims not raised." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 216 Conn. App. 570, 578–79, 286 A.3d 449 (2022).

Practice Book § 23-29, which governs motions to dismiss habeas petitions, "serves, roughly speaking, as the analog to Practice Book §§ 10-30 and 10-39, which, respectively, govern motions to dismiss and motions to strike in civil actions." *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 561, 223 A.3d 368 (2020).

"Whether a habeas court properly dismissed a petition for a writ of habeas corpus presents a question of law over which our review is plenary." Id., 553. We therefore must "decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 160 Conn. App. 727, 731, 125 A.3d 1053 (2015), cert. dismissed, 342 Conn. 912, 153 A.3d 1288 (2017).

As previously stated in this opinion, the original petition filed by the self-represented petitioner alleged only that he was denied pretrial detention credits and requested that the court correct his sentence calculation. On the basis of those allegations, the court issued notice to the parties pursuant to Practice Book § 23-29 that it was going to consider whether "the petition, or certain counts thereof, should be dismissed for the following reasons: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; [(3)] any other legally sufficient ground for dismissal of the petition exists." The court further ordered that the parties "shall have until June 16, 2023, to submit any legal memorandum they wish the court to consider in its decision." Assigned counsel for the petitioner did not file a memorandum pursuant to the court's order. Instead, counsel filed an amended petition pursuant to Practice Book § 23-32, alleging ineffective assistance of counsel. The court rejected the amended petition on the ground that a motion to dismiss was pending pursuant to Practice Book § 23-29. Thereafter, the court dismissed the original petition on the grounds that, as the petitioner failed to formally object to the court's notice that it was considering dismissing the original petition, his claims were deemed to be abandoned, and that the original petition failed to state a claim on relief can be granted. On appeal, the petitioner argues that the court

erred by rejecting his amended petition and dismissing the action on the basis that the original petition failed to state a claim for which relief could be granted. We agree.

Our review of the petitioner's claim on appeal requires us to interpret the rules of practice. "The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . [P]rinciples of statutory construction apply with equal force to . . . [the] rules [of practice] . . . . The interpretation and application of a statute, and thus a rule of practice, presents questions of law over which our review is plenary. . . . [When] the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction. . . . If a statute or rule is ambiguous, however, we construe it with due regard for the authors' purpose and the circumstances surrounding its enactment or adoption." (Citation omitted; internal quotation marks omitted.) *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 9, 282 A.3d 959 (2022).

Practice Book § 23-32 governs amendments in habeas corpus matters. It provides: "The petitioner may amend the petition at any time prior to the filing of the return. Following the return, any pleading may be amended with leave of the judicial authority for good cause shown." We conclude that the language of § 23-32 is plain and unambiguous. It permits a petitioner to amend a petition at any time prior to the filing of the return as of right, and provides that, after the return date, a petition may be amended only with permission of the judicial authority for good cause shown.

The following cases are instructive to our analysis. In *Nelson* v. *Commissioner of Correction*, 326 Conn.

772, 167 A.3d 952 (2017), the petitioner filed a habeas action, alleging that he had received ineffective assistance of counsel in two criminal jury trials. Id., 774. The respondent "moved to dismiss the action pursuant to Practice Book § 23-29 (5), based on the terms of a stipulated judgment, filed by the petitioner and the respondent in connection with a previous habeas action concerning the same two trials, that barred the petitioner from filing any further such actions pertaining to those trials." (Footnote omitted.) Id. The petitioner objected to the respondent's motion to dismiss and filed a memorandum of law challenging the validity of the stipulated judgment. Id., 778. The habeas court granted the respondent's motion, and the petitioner appealed. Id., 779–80. On appeal, the petitioner claimed that "the habeas court . . . should have construed his memorandum of law and the facts asserted therein in the light most favorable to the petitioner, just as it would have construed the facts alleged in the habeas petition." Id., 780. Our Supreme Court concluded that assertions contained in a memorandum of law are not on equal footing with the allegations contained in a habeas petition. Id., 781. In reaching its conclusion, our Supreme Court noted that, "under Practice Book § 23-32, the petitioner was entitled to amend his petition 'at any time prior to the filing of the return' . . . or for good cause thereafter. Accordingly, even after the respondent filed the motion to dismiss, the petitioner had two weeks in which to amend his habeas petition *as of right* . . . ." (Emphasis added; footnote omitted.). Id., 782–83.

In *Dauti* v. *Stop & Shop Supermarket Co.*, 90 Conn. App. 626, 879 A.2d 507, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005), this court reached a similar conclusion in addressing amendments in civil proceedings pursuant to General Statutes § 52-128. It noted that "§ 52-128 provides: 'The plaintiff may amend any defect,

mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterward on the payment of costs at the discretion of the court . . . .' " Id., 639. The court further noted that, "[i]n *Sheehan* v. *Zoning Commission*, 173 Conn. 408, 378 A.2d 519 (1977), our Supreme Court reversed the judgment of the trial court dismissing the plaintiff's complaint on jurisdictional grounds where the plaintiff had filed an amended complaint within the prescribed statutory . . . days. . . . In reversing the judgment of the trial court, our Supreme Court explained . . . that there was no motion or pleading to be entertained by the court . . . because the amendment *was as of right* . . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 639–40.

In the present case, the habeas court concluded in its order rejecting the amended petition that this court's decision in *Marshall* v. *Commissioner of Correction*, supra, 206 Conn. App. 461, mandated the rejection of the amended petition because *Marshall* stands for the proposition that, when a motion to dismiss pursuant to Practice Book § 23-29 is pending, "the only filings that are allowed are such that directly address the issues raised in said motion as to whether the petition should have been opened by the court in the first place." The court's reliance on *Marshall* is misplaced. In *Marshall*, the habeas court issued an order pursuant to § 23-29 scheduling a hearing to determine why the habeas petition should not be dismissed. *Marshall* v. *Commissioner of Correction*, supra, 464. In its order, "the court noted that the petitioner had alleged 'that a sentence imposed which includes special parole violates double jeopardy, which [this court] explicitly rejected in *State* v. *Farrar*, 186 Conn. App. 220, 221, 199 A.3d 97 (2018).' "

*Marshall* v. *Commissioner of Correction*, supra, 464. At the scheduled hearing, counsel for the petitioner appeared and suggested the possibility of raising a separate claim of ineffective assistance of counsel. Id., 465. After the hearing, the court dismissed the petition on the grounds that it failed to state a claim on which habeas relief could be granted and, in the alternative, that the court lacked jurisdiction because the allegations set forth in the petition did not allege a constitutional violation. Id. In *Marshall*, this court noted that "the issue of subject matter jurisdiction may be raised at any time . . . because it addresses the basic competency of the court . . . ." (Internal quotation marks omitted.) Id., 470. This court further noted that the "representations of habeas counsel made at the . . . hearing indicated the *possibility* of filing an amended petition, but did not have the effect of changing or enlarging the claim set forth in the petition that actually was before the habeas court." (Emphasis added; footnote omitted.) Id. This court, therefore, concluded that the habeas court "properly dismissed the habeas petition pursuant to . . . § 23-29 (1), despite the representations of habeas counsel . . . ." Id., 471–72.

In the present case, however, the petitioner *did* file an amended petition as of right prior to the return date. Because the amended petition was filed before the return date, pursuant to the plain language of Practice Book § 23-32, the court did not have the discretion to reject it. The amended petition became the operative petition, and, after its filing, the original petition could no longer serve as a basis for the court to render a judgment of dismissal. Although Practice Book § 23-29 provides that the judicial authority may dismiss a petition "at any time," the court may issue such a dismissal only with respect to the operative petition. "[When] . . . more than one [rule of practice] is involved, we presume that the [judges of the Superior

Court] intended them to be read together to create a harmonious body of law . . . and we construe the [rules], if possible, to avoid conflict between them." (Internal quotation marks omitted.) *State* v. *Garcia*, 108 Conn. App. 533, 550–51, 949 A.2d 499, cert. denied, 289 Conn. 916, 957 A.2d 880 (2008). Moreover, it is well settled that an amended pleading, once filed, "operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment . . . ." (Internal quotation marks omitted.) *Dinham* v. *Commissioner of Correction*, 191 Conn. App. 84, 94 n.13, 213 A.3d 507, cert. denied, 333 Conn. 927, 217 A.3d 995 (2019).

Accordingly, we conclude that the court improperly rejected the petitioner's amended petition and, therefore, improperly dismissed the habeas action on the basis of the original petition. The case is remanded for further proceedings on the operative petition.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.